IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lee Crum, Sr.,                          :

      Plaintiff               :       Case No.  2:04-cv-249

  v.                                   :       Judge Graham

Reginald Wilkinson, et al.,             :       Magistrate Judge Abel

      Defendants               :

**Report and Recommendation**

Plaintiff Lee Crum, Sr., a prisoner at the Madison Correctional Institution

("MCI"), brings this action under 42 U.S.C. § 1983 and 5 U.S.C. § 551 alleging that

defendants Reginald Wilkinson, Cheryl Jorgensen-Martinez, Larry Yoder, Robert

Whitten, Alan Lazaroff, Melody Lewis, Virginia Workman, Major Paul Guyton, Lt.

Willingham, J.  Baird, S.  Perry, and M.  O'Day have violated his rights under the

Privileges and Immunities Clause under Article 4, the First Amendment, the due

process clause of the Fifth and Fourteenth Amendments, and the Eighth Amendment

of the United States Constitution.[1]

---

[1]Defendants Larry Yoder, Melody Lewis, Reginald Wilkinson, Major Guyton,
Cheryl Jorgensen-Martinez, Robert Whitten and Alan Lazaroff were dismissed from
this action.  *See* November 29, 2004 Order (doc.  28).  Plaintiff's claims arising under
the Administrative Procedure Act and the Eight Amendment were also dismissed.

This matter is before the Magistrate Judge on defendants Willingham, Baird, Perry, Workman, and O'Day's April 8, 2005 motion for summary judgment (doc. 37) and plaintiff's April 28, 2005 cross-motion for summary judgment (doc. 39).

## I.    Background

Plaintiff testified on behalf of another inmate before the Rules Infraction Board ("RIB") on April 28, 2003 regarding an allegedly false conduct report issued by defendant M. O'Day. (Compl. ¶¶ 17-18.) As a result of his testimony, the complaint alleges that Officer O'Day began to harass, threaten, and verbally abuse plaintiff. (*Id.* at ¶ 20.) The complaint alleges that on June 8, 2003, Officer O'Day called Crum to his desk to ask him if he was having a dispute with another inmate.   (*Id.* at ¶ 21.) Crum responded that the dispute had been resolved.  (*Id.*)  The complaint further alleges that Officer O'Day began to yell loudly enough for other inmates to overhear that plaintiff was a snitch.  (*Id.* at ¶ 22.)

The complaint alleges that Crum submitted an informal complaint to the shift captain office regarding O'Day's conduct and a kite to defendant Virginia Workman, the Inspector of Institutional Services.  (*Id.* at ¶¶ 23-24.)  Plaintiff believes that O'Day called him a snitch in order to provoke other inmates into assaulting him. (*Id.* at ¶ 28.) Plaintiff appealed the grievance disposition to the Office of the Chief Inspector.  (*Id.* at ¶ 30.)  The complaint alleges that Larry Yoder, Acting Assistant Chief Inspector, rubber-stamped the affirmation of the disposition of the grievance. (*Id.* at ¶ 31.)

The complaint alleges that O'Day further retaliated against Crum by filing a false conduct report.  (*Id*. at ¶ 32.)  According to the complaint, O'Day told Crum and other inmates not to stand on the porch of the housing unit.  (*Id*. at ¶ 34.) O'Day then had Officer Westmoreland send plaintiff to see him.  (*Id*. at ¶ 35.) Officer O'Day requested Crum's badge. Fearing for his safety, plaintiff tossed his badge to O'Day rather than stand close enough to him to hand it to him directly. (*Id*. at ¶ 36.)  The complaint alleges that following this incident O'Day telephoned the shift captain to have Crum taken to segregation and falsified a conduct report. (*Id*. at ¶¶ 36-37.)

The complaint alleges that the members of the RIB panel were aware that O'Day falsified conduct reports, but they still found plaintiff guilty and imposed punishment. (*Id*. at ¶ 40.)  Plaintiff filed an appeal to Managing Officer Melody Lewis, who dismissed it as untimely.  (*Id*. at ¶¶ 41-42.)  Plaintiff then filed an appeal to defendant Reginald Wilkinson, who affirmed the conviction. (*Id*. at ¶¶ 43-44.) Plaintiff also filed a complaint with defendant Major Guyton citing O'Day's inappropriate supervision. (*Id*. at ¶ 45.)

The complaint alleges that defendant Workman failed to address the facts of how the false conduct report came into existence.  (*Id*. at ¶ 48.)  Defendant Workman found that O'Day had not retaliated for plaintiff's testimony because the alleged incident of retaliation did not occur until five months later.  (*Id*. at ¶ 51.) The complaint alleges that the Acting Assistant Chief Inspector, defendant Robert

Whitten simply went along with what the Inspector had found.  (*Id*.  at ¶ 57.)

Plaintiff filed a grievance against defendant Workman, and defendant Jorgensen-

Martinez dismissed this grievance.   (*Id*.  at ¶¶ 58 & 60.)

## II.     Arguments of the Parties

### A.     Defendants

Defendants argue that plaintiff's due process rights were met because they

have shown that there was "some evidence" supporting the decision by the RIB.  The

RIB relied on the written report of Officer O'Day.  Plaintiff was provided with an

opportunity to testify and call witnesses, although he did not present any other

witnesses in his defense.  Defendants contend that plaintiff acknowledged that he

disobeyed O'Day's direct order when he testified before the RIB.

Defendants also argue that plaintiff cannot establish a claim for retaliation

because there is no nexus between plaintiff filing a grievance and the RIB finding of

guilty.  Finally, defendants argue that defendant Workman, as the Inspector of

Institutional Services, investigated and responded to plaintiff's grievances as

required by her job.  Defendants argue that she has been named as a defendant only

because she failed to find that plaintiff's grievance was valid.

### B.     Plaintiff

Plaintiff argues that defendants fail to recognize that O'Day purposefully

instigated the circumstances which gave rise to the incident.  Plaintiff maintains that

he was in the Monroe-Delta unit, and not on the porch as stated by O'Day in his

report, when the alleged violation occurred.  Although plaintiff acknowledges that he

testified that he did not obey O'Day's order to be seated, that was not the basis on

which the RIB found him guilty.  Plaintiff argues that O'Day's conduct report is

inconsistent because O'Day alleges that plaintiff refused to give him his badge, but

the report also states that plaintiff threw his badge at O'Day.

Crum also argues that O'Day has engaged in a continuous pattern of

misconduct and retaliation against inmates and references several other cases in

which inmates have asserted claims against O'Day.  In addition to providing copies of

conduct reports completed by O'Day, Crum has also submitted sworn affidavits of

other inmates who have made similar allegations that O'Day fabricates conduct

reports.

### III.  Summary Judgment

Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil

Procedure which provides:

> The judgment sought shall be rendered forthwith if the
> pleadings, depositions, answers to interrogatories, and
> admissions on file, together with the affidavits, if any,
> show that there is no genuine issue as to any material fact
> and that the moving party is entitled to judgment as a
> matter of law.

"[T]his standard provides that the mere existence of *some* alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no *genuine* issue of *material*

fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original); *Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247-248.  The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried.  *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978).  Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 467 (1962); accord, *County of Oakland v. City of Berkeley*, 742 F.2d 289, 297 (6th Cir. 1984).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted).  Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Watkins v.*

*Northwestern Ohio Tractor Pullers Association, Inc.*, 630 F.2d 1155, 1158 (6th Cir.

1980).

If the moving party meets its burden and adequate time for discovery has been

provided, summary judgment is appropriate if the opposing party fails to make a

showing sufficient to establish the existence of an element essential to that party's

case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986).  The mere existence of a scintilla of evidence in

support of the opposing party's position will be insufficient; there must be evidence

on which the jury could reasonably find for the opposing party.  *Anderson*, 477 U.S.

at 251 (quoting *Improvement Co. v. Munson,* 14 Wall. 442, 448 (1872)).  As is

provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and
> supported as provided in this rule, an adverse party may
> not rest upon the mere allegations or denials of his
> pleading, but his response, by affidavits or as otherwise
> provided in this rule, must set forth specific facts showing
> that there is a genuine issue for trial.  If he does not so
> respond, summary judgment, if appropriate, shall be
> entered against him.

Thus, "a party cannot rest on the allegations contained in his . . . [pleadings] in

opposition to a properly supported motion for summary judgment against him."

*First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 259

(1968)(footnote omitted).

## IV.    Discussion

### A.    Retaliation

A claim for retaliation has three elements: the plaintiff engaged in protected conduct, the defendant took an adverse action against the plaintiff, and this adverse action was taken because of the protected conduct. *Thaddeus-X, et. al. v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  Crum easily satisfies the first element because a prisoner has a constitutional right to file grievances against prison officials. *Smith v. Campbell*, 250 F.3d 1032, 1037 (2001) (citing *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). The second element of a retaliation claim is a showing that an adverse action was taken.  *Thaddeus-X*, 175 F.3d at 396.  Defendants do not challenge that O'Day's conduct report constitutes an adverse action.

Finally, the plaintiff must show that the decision was motivated, at least in part, by the plaintiff's protected activity. *Thaddeus-X*, 175 F.3d at 399.  Once the plaintiff has shown that his protected conduct was a motivating factor, the burden of production shifts to the defendant.  *Id.*  (citing *Mount Healthy City Sch. Dis. Bd. of Educ. v. Doyle,* 429 U.S. 274 (1977)).  Defendants will prevail on summary judgment if they can show that they would have taken the same action in the absence of the protected activity.  *Id.*  Here plaintiff's only evidence that his protected conduct was a motivating factor for O'Day to issue a conduct report was the fact that Crum had testified against O'Day in an earlier proceeding and that other inmates had successfully challenged some charges filed by O'Day against them.  The fact that

other inmates have been found not guilty of charges brought by O'Day in the past does not show that O'Day retaliated against Crum in this instance. Circumstantial evidence, such as the timing of events, may show motivation. *See Thaddeus-X*, 175 F.3d at 399. On April 28, 2003, plaintiff testified before the RIB on behalf of another inmate who claimed that O'Day had allegedly filed a false conduct report. On June 8, 2003, plaintiff asserts that O'Day called him a snitch in front of other inmates, and on September 29, 2003, O'Day filed the conduct report. Five months elapsed between the protected conduct and the adverse action. Although temporal proximity may serve as evidence of improper motivation, five months is not sufficiently close in time. *See Clark County School Dist. v. Breeden*, 532 U.S. 268, 273-274 (2001)(citing cases in the employment context requiring temporal proximity between knowledge of protected activity and an adverse action to be very close in time to constitute sufficient evidence of causality). The elapse of three or four months has been considered not sufficiently close enough in time. *Id.*

Assuming that Crum has made a sufficient showing of that his protected conduct was a motivating factor, defendants have shown that based on Crum's testimony that he failed to obey O'Day's order to be seated, the RIB would have taken the same action in the absence of the protected activity. Plaintiff seems to argue that because the whole incident was allegedly orchestrated by O'Day to retaliate against Crum, it does not matter that he did not obey the order. Plaintiff also argues that discrepancies with in the report demonstrate that it was false.

O'Day reported that the incident occurred on the porch, and Crum insists that it took place in the Monroe-Delta unit.  Neither of these allegations are questions of a material fact with respect to plaintiff's claims against defendants Willingham, Baird, and Perry.  Because there was some evidence to support the guilty finding, plaintiff has not shown the requisite nexus between his protected conduct and the action of the RIB.  *See Superintendent, Massachusetts Correctional Institution, Wadpole v. Hill*, 472 U.S. 445 (1985).

### B.      Procedural Due Process

The general rule is that false accusations of misconduct filed against an inmate

do not constitute a deprivation of constitutional rights where the charges are subsequently adjudicated in a fair hearing. *Munson v. Burson*, No. 98-2075, 2000 WL 377038, at * 3-4 (6th Cir. April 7, 2000). To comport with procedural due process, an inmate facing a disciplinary proceeding must be given advance notice of the alleged violation at least 24 hours prior to the disciplinary hearing, be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so is not unduly hazardous to institutional safety, and be given a written statement of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-565 (1974).  Plaintiff has not come forth with any evidence which shows that his procedural due process rights were violated.

### C.     Substantive Due Process

To allege a substantive due process violation, a plaintiff must allege an unconstitutional infringement of a fundamental right or conduct which "shocks the conscience" of the court. *United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 35 (6th Cir. 1992). Generally, the Court has analyzed these allegations under the First Amendment and "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 272 (1994)(quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989))(internal quotation marks omitted). But, the Sixth Circuit has permitted an inmate to go forward with a claim with similar facts based on his general substantive due process rights, which includes the right to petition the government for redress of grievances. *Cale v. Johnson*, 861 F.2d 943, 949-50 (6th Cir. 1988).  However, plaintiff has not come forth with any evidence showing that his substantive due process rights were violated.

### D.     Respondeat Superior

Section 1983 liability may not rest simply on a theory of respondeat superior. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Rather, a supervisor must have "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional

conduct of the offending officers." *Id*. (quoting *Hays v. Jefferson County, Ky.*, 688 F.2d 869, 874 (6th. Cir. 1982). A mere failure to act is insufficient. *Id*.  Plaintiff has not come forth with any evidence showing that Workman covered up O'Day's alleged conduct.

### B.     Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that defendants Willingham, Baird, Perry, Workman, and O'Day's April 8, 2005 motion for summary judgment (doc.  37) be GRANTED and plaintiff's April 28, 2005 cross-motion for summary judgment (doc.  39) be DENIED.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/ Mark R.  Abel<br>
United States Magistrate Judge